# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PAUL SCOTT KLEIN, | Case No. 3:25-cv-00292-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| KENNETH WILLIAMS, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Paul Scott Klein, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), submitted a civil rights complaint under 42 U.S.C. § 1983 ("Complaint"), and filed an application to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1, 1-1.) The Court grants the IFP and screens Plaintiff's Complaint under 28 U.S.C. § 1915A.

## I. IFP

Plaintiff's IFP application is granted. (ECF No. 1). Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee under 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

## II. SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must

be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act, a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*,

2

550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## III.    SCREENING OF COMPLAINT

In his Complaint, Plaintiff sues multiple Defendants for events that took place while he was incarcerated at Lovelock Correctional Center, Northern Nevada Correctional Center ("NNCC"), and Warm Springs Correctional Center ("WSCC"). (ECF No. 1-1 at 1.) Plaintiff sues Defendants NDOC Medical Director Kenneth Williams and Does. (*Id.* at 2.) Plaintiff brings two claims and seeks monetary, declaratory, and injunctive relief. (*Id.* at 4, 6.)

### A.    Claim 1

In claim 1, Plaintiff alleges the following. From 2019 through 2020, Plaintiff had been treated for hepatitis C with a drug called Spironolactone. (*Id.* at 3.) John Doe doctor from Renown Medical Center in Reno, Nevada and Jane Doe nurse from WSCC did not

explain the potential side effects associated with this drug. (*Id.*) Spironolactone was used to treat liver disease, but it also was a male hormone blocker used to treat transgender people to reduce testosterone production and enlarge breasts. (*Id.*) The drug caused Plaintiff to suffer from severe depression. (*Id.*) On February 27, 2020, Plaintiff attempted suicide at WSCC. (*Id.*) Plaintiff brings claims for Eighth Amendment deliberate indifference to serious medical needs and Fourteenth Amendment due process violations. (*Id.*)

The Court dismisses the Fourteenth Amendment due process claim without prejudice because there are no allegations in claim 1 that would support a due process violation.

With respect to the Eighth Amendment claim, the Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id*. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id*.

4

(internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

The Court dismisses Plaintiff's Eighth Amendment claim with prejudice as amendment would be futile. John Doe doctor and Jane Doe nurse's failure to explain the potential side effects of Spironolactone does not constitute deliberate indifference because they were actively treating Plaintiff's hepatitis C with that drug. There are no allegations that they were denying, delaying, or intentionally interfering with Plaintiff's hepatitis C medical treatment. The allegations that they failed to inform Plaintiff about the potential side effects of his hepatitis C treatment may amount to a claim of negligence[1] but not a constitutional violation for deliberate indifference to serious medical needs.

**B.     Claim 2**

In claim 2, Plaintiff alleges the following. In June 2020, the NDOC charged Plaintiff's inmate account $5,514 for his suicide attempt on February 27, 2020. (*Id.* at 4.)

---

[1]If Plaintiff seeks to pursue a state law negligence claim against prison officials, he must raise the claim in state court. To bring a tort claim against a state employee based on an act or omission relating to that employee's employment, a plaintiff must also name the State of Nevada or appropriate political subdivision as a defendant. *See* Nev. Rev. Stat. §§ 41.031, 41.0337. Because of this rule, the State of Nevada is an indispensable party in any such tort claim. The State of Nevada has generally waived sovereign immunity for tort actions in state court, Nev. Rev. Stat. § 41.031(1), (3), but not federal court. *See O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) ("Nevada has explicitly refused to waive its immunity to suit under the eleventh amendment. The Supreme Court has made it clear that section 1983 does not constitute an abrogation of the eleventh amendment immunity of the states.") (internal citations omitted).

In August 2021, Plaintiff requested an itemized bill for those charges and never received a response. (*Id.*) Plaintiff still does not have an itemized bill. (*Id.*) Plaintiff brings a claim for violations of the Fair Debt Collection Practices Act ("FDCPA") because he has not received an itemized bill. (*Id.*)

The purpose of the FDCPA is to protect consumers from abusive, unfair, and deceptive debt collection practices. *See* 15 U.S.C. § 1692(e); *Gonzales v. Arrow Fin. Servs.*, LLC, 660 F.3d 1055, 1060 (9th Cir. 2011). To state a claim under the FDCPA, a plaintiff must allege that: (1) he or she is a consumer; (2) the defendant is a debt collector; and (3) the defendant committed some act or omission in violation of the FDCPA. *See* 15 U.S.C. § 1692a(3)-(6). Under the FDCPA, state employees or officers are not "debt collectors" if they are "collecting or attempting to collect any debt . . . in the performance of [their] official duties." *Id.* at § 1692a(6)(C).

The Court dismisses this claim with prejudice as amendment would be futile. Based on the allegations, it appears that prison officials have charged Plaintiff for medical services rendered and are seeking payment. However, any NDOC employee who attempts to collect payment for the medical bill is not a "debt collector" under the statute. Plaintiff cannot state a claim under the FDCPA against prison officials for failing to give him an itemized bill.

IV.     CONCLUSION

It is therefore ordered that Plaintiff's IFP application (ECF No. 1) without having to pre-pay the full filing fee is granted. Under 28 U.S.C. § 1915, the full filing fee will still be due even though this action is dismissed and is otherwise unsuccessful.

It is further ordered that, under 28 U.S.C. § 1915, the Nevada Department of Corrections will forward payments from the account of Paul Scott Klein, #30918 to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this Order to the Chief

of    Inmate    Services    for    the    Nevada    Department    of    Corrections    at formapauperis@doc.nv.gov.

It is further ordered that the Clerk of the Court file the Complaint (ECF No. 1-1).

It is further ordered that the Complaint (ECF No. 1-1) is dismissed in its entirety for failure to state a claim with prejudice as amendment would be futile.

It is further ordered that the Clerk of the Court close the case and enter judgment accordingly.

It is further ordered that the Court certifies that any IFP appeal from this Order would not be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

DATED THIS 9th Day of April 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE